## SEXTON E. SMITH

*v.*

## ELIZABETH ARCHER, Administratrix.

TROVER—*whether it will lie.*   Where the cattle of one person break into the inclosure of another, and eat and destroy the growing corn of the latter, his remedy is trespass.   Trover will not lie, even though the owner of the cattle knew they were breachy, and that they had been in the habit of committing such depredations.

WRIT OF ERROR to the Circuit Court of Sangamon county ; the Hon. BENJAMIN S. EDWARDS, Judge, presiding.

This was an action of trover, brought at the regular term of the county court of Sangamon county, in March, 1868, by Sexton E. Smith against Elizabeth Archer, administratrix of the estate of William Archer, deceased, to recover the value of corn belonging to the plaintiff, destroyed by the cattle of deceased, in his life time.   It appears, from the record, that the

16—53RD ILL.

plaintiff owned a field of growing corn adjoining the farm of deceased; that the deceased was the owner of a large lot of cattle, which, being breachy, broke into plaintiff's cornfield and ate and destroyed large quantities of corn; that it was notorious the cattle were unruly and breachy, and that deceased knew their character, and had been repeatedly notified by the plaintiff and others that they were breachy, and had broken down the fences around the land of the plaintiff and others, and had destroyed their crops, and that deceased had neglected and refused to keep the cattle up and prevent them from committing such injuries.

Upon an appeal to the circuit court, the same state of facts was made to appear, whereupon, at the request of defendant, the court gave the following instruction: " If the jury believe, from the evidence, that the cattle of William Archer, during his life-time, broke and entered the inclosure of the plaintiff, upon land then held by him under lease then existing from Kendoll, and then and there consumed and depastured the crops of the plaintiff then growing on said land and not matured, and that this is the only injury complained of by the plaintiff, and that said William Archer died before the commencement of this suit, then the plaintiff can not recover for such injury in this action."   To the giving of which instruction the plaintiff, by his counsel, then and there excepted; and thereupon, the jury rendered their verdict in favor of the defendant.

The plaintiff thereupon sued out this writ of error.

Messrs. J. C. & C. L. CONKLING, for the plaintiff in error.

Could an action of trover have been maintained, under the circumstances, against William Archer, if living?

If Archer had sent his servants into the field of the plaintiff and converted the corn and oats growing there to his own use, there could be no question as to the right of Sexton to maintain the action.   For growing crops are personal property. *Reed* v. *Johnson*, 14 Ill. 258; *Pierce* v. *Roche*, 40 Ill. 292.

Trover can be maintained for growing crops, by the owner of the crops. *Simpkins* v. *Rogers,* 15 Ill. 397.

There can be no distinction in principle between the conversion of the property of another, by means of one's servants or by his cattle. In this case, Archer knowingly permitted his cattle to carry away the corn and oats of Sexton. Any kind of an asportation is a conversion. 2 Hilliard on Torts, 101, note b; *Fouldes* v. *Willoughby,* 1 Dowl. p. 6, (N. S.) 86.

A man is guilty of conversion, who intermeddles with property of another, and disposes of it. *Stephens* v. *Elwell,* 4 M. and S. 261; *Fuller* v. *Tabor,* 39 Maine, 519.

Every unlawful taking of the chattels of another, which destroys or alters the nature of the chattels, is a conversion. 2 Hilliard on Torts, 113.

It is contended that trespass would be the proper form of action. But trover may be maintained for property obtained by trespass. *Matheny* v. *Johnson,* 9 Miss. 232; *Rodgers* v. *Maw,* 15 M. and W. 448; 2 Hilliard on Torts, 101.

If a man's goods are taken by trespass and converted into money, he may maintain trespass for the forcible injury; or, waiving the force, he may maintain trover for the wrong; or, waiving the tort altogether, he may sue for money had and received. *Rodgers* v. *Maw,* 15 M. and W. 448.

The instruction of the court was wrong, because it was based upon the idea that the supreme court had reversed their former decision, by their opinion in the case of *Powell* v. *Rich,* 41 Ill. 467. This opinion will not bear any such construction. It decided only that until crops are matured, they pass with the land, when there is a conveyance without any reservation in the deed. The court took occasion to remark, that between a trespasser and the owner of the soil, crops are real estate. But in this case, the question is between a trespasser and a tenant, who has no interest except in the crops. He has no title in the real estate, to which the crops could attach. His only interest in them, is that which pertains to personal property. As to

him, the crops can not be considered in any other light than personal property.

Messrs. HAY, GREENE & LITTLER, for the defendant in error.

Trover was not the proper remedy.

When an injury is done by animals of vicious propensities, and the owner knowing of such propensities, fails to take proper care, the remedy is case. But where such injuries are occasioned by animals running at large, the remedy is trespass. 1 Chitty on Pleading, 181.

In order to charge a party with a conversion, he must have had the goods in his actual possession, or have assumed the right to dispose of them. *Fernal* v. *Chase,* 37 Maine, (2 Heath) 289 ; *Fuller* v. *Tabor,* 39 Maine, (4 Heath) 519.

Now, it can scarcely be contended that because Archer's cattle depastured the growing crops of Smith, and consumed a portion thereof in the very act of trespassing, therefore Archer acquired the possession of the goods of Smith, or that when the cattle left the close, they " carried away" the chattels with them, and thereby charged their owner with an *asportation.*

Again, trover never lies, except where the party charged has intended either to destroy the goods of another---to convert them to his own use, or to deprive the owner of them. The element of intention always enters into the action, and the defendant must intend to do some act inconsistent with the rights of the owner. He may not know who the owner is, but he must do some act inconsistent with his title, to be charged in this action.

" Trover only lies where some dominion is asserted by the defendant over the chattel which is the subject of the action." *Heald* v. *Cary,* 11 Com. B. 993.

" There must be an intention of the defendant to take to himself the property in the goods, or deprive the plaintiff of it." *Simmons* v. *Lillystone,* 8 Exchequer, 442 ; *Rogers* v. *Hine,* 2 Cal. 581 ; *Herron* v. *Hughes,* 25 Cal. 561.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The principles which govern the action of trover, can not be made to apply to the facts in this case. The deceased did not take and convert to his own use, the corn of the plaintiff. His cattle were breachy, and committed trespasses on the plaintiff's cornfield, and destroyed much of his corn. This was a trespass to real estate, and if an action had been brought against Archer, in his life time, on proper proof, a recovery might have been. had against him.

It can not be said, because the cattle of Archer ate up the corn of plaintiff, he, Archer, converted the corn to his own use, or had assumed, at any time, a right to dispose of the corn so eaten.

It is, however, just and right that the law should provide a remedy against the estate of a deceased person, in a case like this, and we trust the revisors of our statutes will, in their report to the legislature, recommend an amendment to sec. 132, of "Wills," to suit such cases.

As we regard the law, the instruction of the court was correct, and the judgment must be affirmed.

*Judgment affirmed.*